THORN, The THOMAS P. See Case No. 13,-927.

---

## Case No. 13,994.

### In re THORNTON.

[2 N. B. R. 189 (Quarto, 68);[1] 8 Am. Law Reg. (N. S.) 42.]

District Court, E. D. North Carolina. 1868.

BANKRUPTCY—EXEMPTIONS—REAL ESTATE.

Real estate cannot be set apart to a bankrupt as exempt property under the head of "articles or necessaries." Money can be allowed by the assignee, when the exigencies of the bankrupt seem to require it, for the temporary subsistence of his family.

[Cited in Re Hay, Case No. 6,253; Re Steele, Id. 13,346.]

The following question arose and was stated and agreed to by John W. Hinsdale, Esq., attorney for Hess, Rogers & Chambers, creditors of said bankrupt, and B. & T. C. Fuller, Esqs., attorneys for the bankrupt, viz.: "Should an assignee in bankruptcy, in case there is a deficiency of personal property, allot to the bankrupt an exemption in real estate under section fourteen of the bankrupt act of 1867? In other words, does the bankrupt act give to an assignee the discretionary powers of assigning to the bankrupt real estate to make up deficiency where he (the assignee) is of opinion that the bankrupt's exemption under said section fourteen ought to amount to five hundred dollars, and then is not that amount of personal property belonging to the estate over and above the articles specifically exempted under sections seven and eight, chapter forty-five, Revised Code of North Carolina?"

The creditors, through their attorney, John W. Hinsdale, insist—

(1) The term "necessary" is used principally in the laws relating to infants and femme coverts. It is always defined as personalty and never including real estate. Smith, Cont. 216, and note in reference to; Tupper v. Caldwell, 12 Metc. [Mass.] 563. An infant can contract for necessaries, but however necessary land might be to him, the purchase of land by him would not be

---

[1] [Reprinted from 2 N. B. R. 189 (Quarto, 68), by permission.]

binding. So in case of femme covert, who might be in the greatest need of a home. a sale of house and lot to her would not bind her husband. Freeman v. Bridger, 4 Jones (N. C.) 1; Seaton v. Benedict, 2 Smith, Lead. Cas. [p. 431; Tyler, Inf. 105, 112, 117, 120, 356, 358].[2]

(2) That this is the proper time to take exceptions, and solicit the opinion of the court. Bankrupt Act, § 14, general clause 50 (Rice's Manual); General Order in Bankruptcy, rule 19.

John W. Hinsdale, for creditors.
B. & T. C. Fuller, for bankrupt.

BROOKS, District Judge. By the certificate of Wm. A. Guthrie, register, of the 24th July, 1868, this question is presented: Can real estate be set apart by an assignee to a bankrupt in case of a deficiency in other property and effects? To answer, the exemption provided for by the law, I have examined with care the authorities cited by the counsel representing the creditors, who except to the report of the assignee. And I have also read with interest the arguments filed by the attorney for the bankrupt. This question has often arisen and given rise to animated discussion in my presence, but is now for the first time presented under the provisions of the law for my decision. I am well satisfied that a fair and proper construction of the language used in that part of the bankrupt act which relates to exempting as well as the true spirit and objects of the law will not justify or authorize the action of the assignee in this case. The term "other articles and necessaries" as used in the act [of 1867 (14 Stat. 517)], cannot be so construed as to embrace land without doing violence to every meaning heretofore allowed those terms. It is quite clear, I think, if among the property of the bankrupt, none or not enough of the articles specifically mentioned in the act to be exempted, be found there, the assignee may report as exempted other "articles and necessaries" to make up the amount required, or the deficiency (as the case may be,) in the opinion of the assignee. The whole not to exceed. under any circumstances, the sum of five hundred dollars.

The suggestion of the counsel for the bankrupt would have much weight if it was a matter of discretion, but the court can no sooner award an article or kind of property not properly embraced within the terms used according to a fair construction, than it could exceed the sum prescribed. The exemption provided for by the bankrupt act originated from the same spirit that prompted the enactment of our legislative provisions in favor of widows of intestates, awarding these provisions for their temporary support, and as that law restricts the commissioners in the kind or species of property they shall award, so does the bankruptcy act restrict the assignee as to the kind of property he shall exempt. Now it often occurs that this all important purpose of the law would be defeated if under no circumstances money could be exempted to a bankrupt. Yet from the language of the law, if money could not be construed to be an article or a necessary it would be quite clear, I think, that money could not be allowed. But it is as clear that money may be allowed, for it not unfrequently occurs that money is quite as necessary to the temporary subsistence of a bankrupt and his family, as any article that can be mentioned. As the widow of an intestate, upon the granting of administration, is presumed to be entirely destitute of such articles and provisions as are necessary for her support, so the bankruptcy act presumes that every man who has been adjudged a bankrupt has sworn truly and has surrendered all his property and estate. Then, if this be correct, he is alike destitute. Now suppose the bankrupt had been a merchant, or banker, and has surrendered a large estate in "choses in action" and money, but not having been a housekeeper, but from choice, from motives of economy or otherwise, he and his family, consisting of a wife and children, have been inmates of a boarding house. He does not own a bed or a chair. or any articles of provision, consequently there is nothing of the kind in his schedule; surely it could not be successfully contended that some money would not be necessary for the temporary subsistence of such a family. Under such circumstances money may be exempted.

The assignee must advertise the estate mentioned in his report as exempted, and sell the same to the highest bidder and apply the proceeds as the law directs.